UNITED STATES DISTRICT COURT                                                     **C/M**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :    **MEMORANDUM**
                                                             :    **DECISION AND ORDER**
                                                             :
            - against -                                      :     70-cr-592 (BMC)
                                                             :
                                                             :
RODOLFO RIVERA RIOS,                                         :
                                                             :
                        Defendant.                           :
------------------------------------------------------------ X

**COGAN,** District Judge.

Before me is defendant's motion to reduce his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant argues that his advanced age and deteriorating health, coupled with the current COVID-19 pandemic, constitute "extraordinary and compelling reasons" sufficient to warrant his release from prison.  The Government opposes, contending that defendant is ineligible for compassionate release because he is incarcerated for criminal conduct that occurred prior to November 1, 1987 and thus the operative statute only permits the Bureau of Prisons ("BOP") to file such a motion.  The Court agrees.  Because defendant cannot bring the motion on his own behalf under 18 U.S.C. § 4205(g), the motion is denied.

<strong>BACKGROUND</strong>

Almost 40 years ago, defendant was sentenced on a single count of kidnapping, in violation of 18 U.S.C. § 1201 (1970).  The count to which he pled guilty charged him with hijacking at gunpoint a Boeing 747 with 376 people on it and diverting it to Cuba on August 2, 1970.  See United States v. Rios, 490 F. Supp. 215, 216 (E.D.N.Y. 1980).  For his transgressions, the late Judge Thomas Platt sentenced defendant to life imprisonment.

**DISCUSSION**

Section 3582(c)(1)(A) of Title 18, United States Code, permits a person in custody to bring a compassionate release motion:

> [T]he court … upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Under the statute, as amended by the First Step Act of 2018, "[a] court may now consider a motion for compassionate release made by a defendant who has exhausted his administrative remedies[.]" United States v. Gotti, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020).

However, not ever inmate may seek relief under § 3582(c)(1)(A).  The BOP has promulgated regulation stating that, for inmates who remain in custody for criminal conduct that occurred prior to November 1, 1987, the original compassionate release statute applies. "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date."  28 C.F.R. § 572.40; see also Wade v. Warden Fairton FCI, 773 F. App'x 106, 107 n.3 (3d Cir. 2019) ("Section 4205(g) applies to inmates serving 'old law' sentences.").

Significantly, § 4205(g) does not allow an inmate whose criminal offense occurred before November 1, 1987 to bring a compassionate release motion on his own behalf.  Rather, only the

2

BOP has that right: "[a]t any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served."  18 U.S.C. § 4205(g).

Permitting only the BOP to bring a motion for "old law" sentences is consistent with the statutory language and history of the two compassionate release statutes.  Congress replaced § 4205(g) with § 3582(c)(1)(A) in the Sentencing Reform Act of 1984, Pub. L. No. 98-473 §§ 211, *et seq*.  Notably, § 235(a)(1) of the act, as amended, provides that – with certain exceptions that are not relevant here – the provisions in the act "shall take effect on the first day of the first calendar month beginning [36] months after the date of enactment [and shall only apply to offenses committed after the taking effect of this chapter]."  Id. § 235(a)(1).

Based on this clear statutory language, courts have uniformly held that the current compassionate release statute, § 3582, does not apply to individuals whose criminal conduct occurred before November 1, 1987.  See, e.g., United States v. Wilkins, 426 F. App'x 443, 445 (6th Cir. 2011); United States v. Stewart, 865 F.2d 115, 118 (7th Cir. 1988); United States v. Burgess, 858 F.2d 1512, 1513–14 (11th Cir. 1988).

It is undisputed that the criminal conduct for which defendant remains incarcerated occurred prior to November 1, 1987.  Defendant hijacked the plane and kidnapped its passengers on August 2, 1970.  Because he is serving a term of imprisonment for a crime committed before the operative date, the provisions of § 3582(c) do not apply to him, and he therefore cannot file a motion seeking compassionate release on his own behalf.  See United States v. Matta-Lopez, No. LA-CR-85-606, 2020 WL 2128644, at *3–4 (C.D. Cal. May 4, 2020); United States v. Rivera, No. 86-cr-1124, 2020 WL 2094094, at *3 (S.D.N.Y. May 1, 2020); United States v. Woolum, No. 84-cr-21, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020); United States v. Scarbrough,

No. 73-cr-32, 2019 WL 2482710, at \*2 (N.D. Ind. June 14, 2019).  Nor has the BOP filed a

motion on his behalf.

### CONCLUSION

The motion for compassionate release [10] is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated:  Brooklyn, New York
        May 18, 2020

4